RULE to show cause wherefore a judgment obtained at the preceding term of the court, at the suit of the executrix of James R. Garden, deceased, against the administrator of Isabella Garden, deceased, on an affidavit of the cause of action filed by the plaintiff, and an affidavit of defence thereto, filed by the defendant, for a part of the demand to the amount of $235.65, admitted to be due by the latter, and on which the judgment had been entered at the first term for the plaintiff, with an order on the Prothonotary to ascertain the amount of it, and which had been done by him, should not be opened to ascertain the amount by the verdict of a jury in order to bind the real estate of Isabella Garden, deceased.
T. F. Bayard. Although it was, perhaps, the first application of the kind, which had been made since the passage of the statute, he had no doubt it was competent for the court under the statute to so order it. Of course, *Page 343 
so far as the mere fact of ascertaining the amount of the judgment in itself considered was concerned, there was no occasion for the intervention of a jury, for the amount of it was ascertained by the affidavit of defence itself, admitting the part to be due, about which there was no dispute between the parties. The fact that it was against an administrator, however, was inadvertently overlooked at the time, and the fact that it is no lien as it stands, against the real estate of the decendent, rendered it important that it should now be done.
Bradford, for the defendant. The case was not expressly, nor by implication even, provided for under the statute, and no judgment entered under it against an executor or administrator, can affect or bind the real estate of a deceased debtor. The plaintiff had her election in this case, if such was her desire, to have sued the defendant without the aid of an affidavit of the cause of action, and without demanding a judgment at the first term; but having preferred and adopted that method, she was concluded by the election which she had made. The authority of the Court to order the amount of a judgment to be ascertained by the Prothonotary, by an inquisition in the nature of a writ of inquiry or by report of referees, only applies in a case against an executor or administrator, when the judgment is obtained by default, and in no other case. And he referred to several provisions of the Revised Code to show that such was the law.
By the Court. The statute itself is silent in regard to the mode of ascertaining the amounts of judgments entered under it, and yet the amounts of judgments entered under it, must be ascertained in some method, and this must be supplied by other statutes in regard to that matter, none of which have been repealed by it, and being inpari materia, they must be construed together and with reference to each other. And taking this view of the law, we have no doubt of our authority to order the judgment to be opened for the purpose stated, and we therefore, order the rule to be made absolute. *Page 344